# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | Morton Denlow |
|---|---|---|---|
| **CASE NUMBER** | 97 C 3495 | **DATE** | 6/20/2002 |
| **CASE TITLE** | Mary Readel vs. Vital Signs, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Report and Recommendation. This Court recommends that Plaintiff's motion for leave to file a first amended complaint to add a claim for wilful and wanton misconduct should be denied because the Illinois Supreme Court has refused to recognize punitive recovery under the Illinois Survival Act in the absence of a specific statutory remedy.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 21 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 6/19/2002 | |
| | | 02 JUN 20 PM 4:15 | date mailed notice | |
| DK | courtroom deputy's initials | Date/time received in central Clerk's Office | DK6 mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARY READEL, Individually, and )
as Independent Executor of the Estate )
of DONNA LORKE, deceased, )
)
        Plaintiff, )
) Case No. 97 C 3495
        v. )
)
VITAL SIGNS, INC., a New Jersey )
Corporation, ) Magistrate Judge Morton Denlow
)
        Defendant. )

DOCKETED
JUN 2 1 2002

TO: THE HONORABLE WAYNE E. ANDERSEN
     UNITED STATES DISTRICT JUDGE

### REPORT AND RECOMMENDATION

Mary Readel ("Readel" or "Plaintiff"), the independent executor of the estate of Donna Lorke, moves to amend her complaint against Vital Signs, Inc. ("Vital Signs" or "Defendant") to add a claim of wilful and wanton misconduct to recover punitive damages under the Illinois Survival Act. Plaintiff filed her original complaint on April 4, 1997, alleging Lorke died due to a medical device known as a continuous positive airway pressure valve ("CPAP valve"), which was sold and distributed by the Defendant.[1] Plaintiff's original complaint claims strict products liability and negligence against Defendant. The question

---

[1] Plaintiff filed her initial lawsuit in the Circuit Court of Cook County, Illinois, case No. 97 L 3948. Defendant subsequently removed the case to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441.

presented is whether punitive damages are recoverable on the alleged facts under the Illinois Survival Act. For the reasons set forth herein, the answer is no. Thus, Plaintiff's motion to amend her complaint should be denied.

## I. BACKGROUND FACTS

On April 3, 1995, Plaintiff's decedent, Donna Lorke ("Lorke"), presented herself as a patient at St. Anthony Hospital in Rockford, Illinois for the investigation and treatment of symptoms of shortness of breath and dyspnea. (First Am. Comp., Count I, ¶ 2). On April 6, 1995, a CPAP mask was applied to Lorke's face and connected to an oxygen system attached to a CPAP valve from Vital Signs. (*Id.* at ¶ 3). Additionally, an endotracheal tube was inserted which connected Lorke to an oxygen system attached to the CPAP valve. (*Id.* at ¶ 4). After connection of the endotracheal tube to the oxygen system with the CPAP valve, Lorke's "face and neck suddenly became discolored, her nose started bleeding and instantaneously, the CPAP valve blew across the room with great force." (*Id.* at ¶ 5). Immediately thereafter, Lorke suffered a cardiac arrest and subsequently died on April 7, 1995. (*Id.* at ¶¶ 6, 8).

Plaintiff's initial suit alleged two counts of wrongful death and two additional counts for recovery under the Survival Act. On February 27, 2002, Plaintiff filed this motion for leave to add Count V for wilful and wanton misconduct. Plaintiff alleges several similar events both before and after Lorke's death to support her claim for punitive damages. Defendant objects to the motion on the grounds that the Illinois Survival Act does not permit

a claim for punitive damages and the motion was filed too late.

## II. STANDARD FOR AMENDING COMPLAINT

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings and states in relevant part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P.15(a)

Leave to amend is generally "freely given as justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This mandate must be heeded to enable the plaintiff to test a claim on its merits when the underlying facts relied upon by the plaintiff are a proper subject of relief. *Id.* However, the right to amend a complaint is not absolute. *Perkins v. Silverstein*, 939 F.2d 463, 471-72 (7th Cir. 1991). Leave to amend is inappropriate when there is "undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or *when the amendment would be futile.*" *Bethany Pharmacal Co., Inc., v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) (emphasis added).

## III. STANDARD FOR CHOOSING APPLICABLE STATE LAW

Pursuant to the principles enunciated in *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), a federal court sitting in diversity jurisdiction must apply the law of the state in which the court sits with respect to substantive matters. Recently, the Seventh Circuit explained the

*Erie* doctrine requires a federal court "exercising its authority to hear diversity cases, must make a predictive judgment as to how the supreme court of the state would decide the matter if it were presented presently to that tribunal." *Allstate Insurance Co. v. Menards, Inc.*, 285 F.3d 630, 635 (7th Cir. 2002). The court further explained, "in the absence of prevailing authority from the state's highest court, federal courts ought to give great weight to the holdings of the state's intermediate appellate courts and ought to deviate from those holdings only when there are persuasive indications that the highest court of the state would decide the case differently from the decision of the intermediate appellate court." *Id.* at 637. Therefore, in determining whether Plaintiff should be allowed to amend her complaint, this Court must predict how this case would be decided by the Illinois Supreme Court.

## IV. ILLINOIS SURVIVAL ACT ANALYSIS

The Plaintiff seeks to amend her complaint by adding a common law wilful and wanton misconduct claim, for which she seeks punitive damages under the Illinois Survival Act. [2] To support her claim, Plaintiff alleges violations of the Federal Food, Drug, and Cosmetic Act ("FDCA") in addition to violations of the Illinois Criminal Code.[3] While

---

[2] Plaintiff does not attempt to claim punitive damages under the Illinois Wrongful Death Act. Plaintiff concedes it is well settled in Illinois that punitive damages are not recoverable for wrongful death claims. *See, e.g. In re Air Crash Disaster*, 644 F.2d 594, 605 (7th Cir. 1981), *cert. denied sub nom. Lin v. American Airlines Inc.*, 454 U.S. 878 (1981) ("The Illinois Supreme Court has clearly held that Illinois does not permit the recovery of punitive damages in a wrongful death action.") *citing Mattyasovszky v. West Towns Bus Co.*, 330 N.E.2d 509, 512 (Ill. 1975).

[3] 21 U.S.C. §§ 331, et. seq. and 720 ILCS 5/9-3, respectively.

Plaintiff concedes neither the FDCA nor the criminal statute creates a private cause of action, she nonetheless argues awarding punitive damages for an FDCA violation is appropriate because the regulatory scheme of the FDCA provides for both criminal and civil penalties. 21 U.S.C. § 333. Moreover, Plaintiff argues these violations warrant punitive recovery as a matter of public policy. Defendant contends the Illinois Supreme Court has consistently refused to allow punitive damages under the Survival Act in the absence of a specific statutory remedy providing for such damages.

A.   **The Survival Act**

While the law has always recognized that a living person may bring a common law or statutory action against a party whose wrongful conduct caused her personal injury, at common law, the same action would abate upon the death of the injured person. *Nat'l Bank of Bloomington v. Norfolk & Western Railway Co.*, 383 N.E.2d 919, 923 (Ill. 1978). To remedy this injustice, in 1872 the Illinois General Assembly enacted a survival statute to allow an action for personal injury to survive the person injured. *Id.* The Survival Act states in relevant part: "In addition to actions which survive by the common law, the following also survive:... actions to recover damages for an injury to the person (except slander and libel)..." 755 ILCS 5/27-6. The Survival Act does not create a statutory cause of action, it merely allows the estate to maintain those statutory or common law actions which already accrued to the decedent before she died. *Id.* In other words, the Survival Act serves as the vehicle by which a preexisting cause of action survives the death of an injured person when the

action would otherwise abate at common law. *Id.* at 924. Therefore, to seek punitive damages under the Survival Act, the plaintiff must first allege a violation for which there is a clear statutory remedy allowing punitive damages. *National Bank*, 383 N.E.2d at 924; *Froud v. Celotex, Corp.*, 456 N.E.2d 131, 136 (Ill. 1983).

## B.     Illinois Supreme Court Cases

Initially, the Illinois Supreme Court simply refused to recognize a claim for punitive damages under the Survival Act. *Mattyasovszky*, 330 N.E.2d at 510. In *Mattyasovszky*, the estate of a minor brought a claim against a bus company, asserting wilful and wanton misconduct on the part of one of its drivers whose conduct in operating the bus killed the minor. In seeking punitive damages, the plaintiff relied upon the supreme court's decision in *Murphy v. Martin Oil Co.*, 308 N.E.2d 140 (Ill. 1974), which authorized recovery for a decedent's pain and suffering during the interval between injury and death, in addition to recovery of pecuniary losses. *Mattyasovszky*, 330 N.E.2d at 510. The plaintiff argued *Murphy* implied punitive damages could be recovered under the Survival Act. *Id.* However, the supreme court clarified any ambiguities by stating that nothing in *Murphy* authorized punitive damages. *Id.* Instead, the supreme court declared *Murphy* only emphasized the compensatory nature of damages authorized under the Survival Act. *Id.* The Survival Act had never authorized an award of punitive damages, and the supreme court found nothing in *Murphy* to persuade it to change Illinois law, which for more than one hundred years had limited recovery under the Survival Act to compensatory damages.

Nonetheless, Plaintiff points to language in *Mattyasovszky* indicating an exception can be made for strong equitable considerations. However, the scope of those considerations, as outlined in *Mattyasovszky,* is limited to a plaintiff's inability to allege any remedial cause of action, a situation not present in the case at bar. *Id.* at 512. Like *Mattyasovszky*, Plaintiff in this case can still recover compensatory damages under the Wrongful Death Act and the Survival Act. Accordingly, Plaintiff's argument that she should be entitled to punitive recovery on the basis of equitable considerations does not fall within the purview of the exception discussed in *Mattyasovszky*.

Shortly after the *Mattyasovszky* decision, the supreme court created an exception to allow punitive damages under the Survival Act. *Nat'l Bank,* 383 N.E.2d at 924. Unlike *Mattyasovszky*, where punitive recovery was sought under common law, in *National Bank*, the plaintiff sought punitive damages directly under the Public Utilities Act, which expressly provided, "if the court shall find that the act or omission was wilful, the court may in addition to the actual damages, award damages for the sake of example and by way of punishment." *Id.*, *quoting* former Ill.Rev.Stat. 1969, ch. 111 2/3, par. 77.[4] As a result, the court held the plaintiff could recover punitive damages because of the clear intention of the Public Utilities Act to punish an offender and discourage similar offenses by allowing punitive damages for an injury resulting from the defendant's wilful and wanton statutory violation. *Nat'l Bank,* 383 N.E.2d at 924. The supreme court made it clear it did not overrule *Mattyasovszky*,

---

[4]The Public Utilities Act is now cited as 220 ILCS 5/1-101.

declaring its denial of common law punitive damages in *Mattyasovszky* was not based on the broad proposition that punitive damages are unrecoverable when injury results in death. *Id.* Instead, the court held the imposition of punitive damages was improper in light of the fact the plaintiff dismissed the party whose conduct was primarily responsible for the injury.[5] *Id.*

The supreme court reconciled the *Mattyasovszky* and *National Bank* decisions in *Froud v. Celotex Corp.*, 456 N.E.2d 131 (Ill. 1983). In *Froud*, a case involving several claims against an asbestos manufacturer, the plaintiffs argued if punitive damages expressly provided for by statute pass under the Survival Act, as in *National Bank*, then there is no logical reason to hold, as *Mattyasovszky* did, that similar common law claims do not also survive. *Id.* at 135. Accordingly, the plaintiffs petitioned the supreme court to overrule its decision in *Mattyasovszky*. *Id.* at 133. The court refused to adopt the plaintiff's argument, noting *Mattyasovszky* and *National Bank* were reconcilable. *Id.*

In *National Bank*, the supreme court drew a distinction between punitive awards based on the common law and those based on a statute. *Id.* at 134. Relying on this distinction, the court allowed a punitive damages recovery in *National Bank*, where the punitive claim was part of a comprehensive regulatory scheme under the Public Utilities Act. *Id.* The court stated, "[*National Bank*] presumes that where the legislature specifically provides for a recovery of exemplary damages as part of a comprehensive regulatory scheme such as that provided by the Public Utilities Act, the intention of the legislature was that the claim for a

---

[5]The plaintiff in *Mattyasovszky* dismissed the bus driver as a party defendant before trial.

-8-

punitive award should be litigated regardless of whether the injured person continues to live." *Id.* at 135. According to the Public Utilities Act, "any person" could assert a punitive damages claim. *Id., citing* former Ill.Rev.Stat. 1981, ch. 111 2/3, par. 77.[6] The court held "any person" includes not only the injured party, but also his personal representative after his death. *Froud*, 456 N.E.2d at 135. Again, the statutory language provides a clear indication the legislature intended the punitive claim to be litigated whether the injured party was living or dead.

In *Froud*, the court ultimately refused to allow punitive damages for the asbestos cases because no statutory basis existed for such recovery comparable to the provisions of the Public Utilities Act referred to in *National Bank*. *Id.* at 136. Therefore, it regarded *Mattyasovszky* as the controlling precedent and was unwilling to add to the scope of the Survival Act by including within it common law claims for punitive damages. *Id.*

In reaching its decision, the supreme court noted the following arguments advanced by the plaintiffs: 1) according to this ruling it would be cheaper to kill your victim than to leave him maimed; and 2) defendants faced with punitive damages claims may attempt to delay the proceedings until the plaintiffs die. *Id.* The supreme court determined those arguments would be more appropriately made to the General Assembly. *Id.* The supreme court refused to overrule its earlier decision in *Mattyasovszky*. *Id.* at 137. Absent a statutory basis for the award of punitive damages comparable to the Public Utilities Act, punitive

---

[6]The Public Utilities Act is now cited as 220 ILCS 5/1-101.

damages are not recoverable under the Survival Act.

The most recent Illinois Supreme Court case to address this issue upheld its previous decisions in both *Mattyasovszky* and *Froud*, effectively barring the survival of punitive damages in the absence of a specific statutory cause of action. *Ballweg v. City of Springfield*, 499 N.E.2d 1373 (Ill. 1986). The plaintiff in *Ballweg* relied upon *Saunders v. Schultz*, 170 N.E.2d 163 (Ill. 1960), to support its punitive damage claim. *Saunders* was a landmark decision allowing the decedent's spouse to recover pecuniary losses, such as funeral and medical expenses, which were not recoverable under any existing statute. *Id.* at 168. However, the supreme court did not apply *Saunders* because that case dealt specifically with compensatory damages. *Ballweg*, 499 N.E.2d at 1377. While recognizing public policy favored a compensatory reward in *Saunders*, the supreme court refused to make a similar declaration for the award of punitive damages. *Id.* Instead, the court held Illinois law clearly does not permit punitive damages under the Survival Act. *Id.* Although the court did reiterate its sympathy towards the argument that according to existing law, it is better to kill your victim than to leave him maimed, it maintained its belief that the argument was being raised in the wrong forum. *Id.* Echoing its earlier remarks in *Froud*, the supreme court noted it is the General Assembly's responsibility to pass legislation allowing the award of punitive damages in these cases. *Id.* at 1378.

The Illinois Supreme Court is clear in its decisions regarding punitive damages under the Survival Act. The court prohibits punitive recovery in the absence of a specific statutory

remedy.

## C. Illinois Appellate Court and Federal District Court Decisions

Despite the supreme court's decisions, some Illinois Appellate Courts adopted a broader approach to punitive recovery under the Survival Act. For example, following the decision in *National Bank,* the Fourth District Appellate Court of Illinois held if statutory causes of action for punitive damages survive, by extension of logic there is no bar to similar common law causes of action. *Howe v. Clark Equip. Co.*, 432 N.E.2d 621, 624-25 (Ill. App. Ct. 1982). In *Howe,* the plaintiff, as administrator of decedent's estate, sought punitive damages against the defendant manufacturer of an end loader known as a Melroe Bobcat. The decedent, while operating the Bobcat, sustained injuries which ultimately resulted in his death. The court held the statutory exception set out in *National Bank* should be extended to authorize a common law award of punitive damages under the Survival Act.

Although Plaintiff urges this court to adopt the rationale in *Howe,* other courts characterize the *Howe* decision as bad law and criticize the logic used. *See, e.g. Wills v. DeKalb Area Retirement Center*, 530 N.E.2d 1066, 1073 (Ill. App. Ct. 1988); *Burgess v. Clairol, Inc.*, 776 F. Supp. 1278, 1284 (N.D. Ill. 1991). While the supreme court in *National Bank* did authorize punitive recovery for underlying causes of action brought on a statutory basis, it did not find that a similar common law cause of action survived. *Wills*, 530 N.E.2d at 1073. Furthermore, *Howe's* interpretation of *National Bank* was rejected by the Illinois Supreme Court just one year later. *Burgess,* 776 F. Supp. at 1284, *citing Froud,* 456 N.E.2d

131.

The supreme court has consistently maintained a line between those claims based on statute and those based on the common law, and while it has allowed punitive recovery under the Survival Act for statutory claims which allow for punitive damages, it has refused to recognize similar common law claims. Thus, *Howe* is not persuasive.

Plaintiff also relies on *Raisl v. Elwood Indus., Inc.*, 479 N.E.2d 1106 (Ill. App. Ct. 1985) to support her argument that a punitive damages claim can be brought in Illinois even without a specific statutory remedy. In *Raisl*, the plaintiff brought the tort claim of retaliatory discharge and sought the award of punitive damages therefor, which were not expressly provided for by the legislature in the Workers' Compensation Act ("WCA"). However, the court determined punitive damages should be recoverable because such a result was in line with the public policy behind allowing injured workers to freely file compensation claims, something clearly mandated by the legislative enactment of the WCA. *Id.* at 1110. Plaintiff suggests similar to the WCA, the FDCA provides a regulatory scheme by which an individual should be entitled to recover punitive damages for violations of standards that protect individuals against potentially dangerous medical devices. However, where the WCA creates a private cause of action in the individual, the FDCA leaves no doubt the Federal Government, rather than private litigants, is authorized to file suit for noncompliance with medical device provisions. *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 349 (2001), *citing* 21 U.S.C. § 337(a).

Additionally, Judge Charles R. Norgle, Sr., of this court, previously addressed the issue and determined punitive damages are not allowed under the Survival Act in Illinois. *Burgess*, 776 F. Supp. 1278. Similar to the case at bar, *Burgess* was a diversity case which forced the court to determine whether Illinois law allowed for punitive recovery under the Survival Act. Ultimately, after review of the decisions in *Ballweg* and *Froud* the district court concluded the supreme court would not allow punitive damages under the Survival Act in the absence of a clear statutory remedy. *Id.* at 1285. Moreover, even though the court expressed some sympathy towards the plaintiff's argument, it recognized the delicacy of the situation, noting federal courts are not authorized to change state common law. *Id.*

While this Court recognizes Plaintiff's reliance on *Penberthy v. Price*, 666 N.E.2d 352 (Ill. App. Ct. 1996), it finds *Penberthy* distinguishable because the Survival Act was not invoked by the estate of a wrongfully deceased plaintiff. Instead, the plaintiffs, who survived a drunk driving accident, recovered punitive damages under the Survival Act from the estate of the deceased defendant. Accordingly, the appellate court faced a different issue than the issue presently before this court. The Court relied upon strong equitable considerations to justify the survival of the punitive damage claim against the defendant's estate.

### D. FDCA and Illinois Criminal Code

Although Plaintiff supports her wilful and wanton misconduct claim by alleging violations of the FDCA and the Illinois Criminal Code, these bodies of law do not create a private cause of action authorizing punitive damages. Unlike *National Bank*, where the

Additionally, Judge Charles R. Norgle, Sr., of this court, previously addressed the issue and determined punitive damages are not allowed under the Survival Act in Illinois. *Burgess*, 776 F. Supp. 1278. Similar to the case at bar, *Burgess* was a diversity case which forced the court to determine whether Illinois law allowed for punitive recovery under the Survival Act. Ultimately, after review of the decisions in *Ballweg* and *Froud* the district court concluded the supreme court would not allow punitive damages under the Survival Act in the absence of a clear statutory remedy. *Id.* at 1285. Moreover, even though the court expressed some sympathy towards the plaintiff's argument, it recognized the delicacy of the situation, noting federal courts are not authorized to change state common law. *Id.*

While this Court recognizes Plaintiff's reliance on *Penberthy v. Price*, 666 N.E.2d 352 (Ill. App. Ct. 1996), it finds *Penberthy* distinguishable because the Survival Act was not invoked by the estate of a wrongfully deceased plaintiff. Instead, the plaintiffs, who survived a drunk driving accident, recovered punitive damages under the Survival Act from the estate of the deceased defendant. Accordingly, the appellate court faced a different issue than the issue presently before this court. The Court relied upon strong equitable considerations to justify the survival of the punitive damage claim against the defendant's estate.

### D. FDCA and Illinois Criminal Code

Although Plaintiff supports her wilful and wanton misconduct claim by alleging violations of the FDCA and the Illinois Criminal Code, these bodies of law do not create a private cause of action authorizing punitive damages. Unlike *National Bank*, where the

legislature expressly provided punitive damages as a means of recovery under the Public Utilities Act, Plaintiff in the present case cannot point to specific statutory language that entitles her to such recovery. Moreover, the Public Utilities Act stated "any person" may assert a punitive damages claim, indicating the legislature intended a punitive damages claim to be litigated whether the injured person lived or died. No such language exists in either the FDCA or the Illinois Criminal Code. Although the court recognizes Plaintiff's argument that both civil and criminal penalties can be levied against an individual who violates the FDCA, this language falls far short of the level of explicit statutory language present in *National Bank*.

Finally, Defendant's alleged violation of 720 ILCS 5/9-3 for involuntary manslaughter, does not help Plaintiff's punitive damage claim because the statute is silent with respect to damages. The only penalties mentioned in the statute relate to sentencing, not punitive damages. Accordingly, there is no indication of the legislature's intent to award punitive damages for a violation of the criminal statute.

### E. This Court's Prediction of How the Illinois Supreme Court Would Decide

Because the Illinois Supreme Court has not decided this precise issue, this Court must predict how that tribunal would decide this case. For a punitive damages claim to survive it must come directly from a clear statutory cause of action. In the absence of a specific remedy allowing punitive damages, the supreme court does not allow the claim. The supreme court drew a clear, definite line between causes of action in which the legislature

expressly intended punitive recovery and causes of action in which the legislature did not. While the court allows punitive recovery under the Survival Act for the former, it consistently refuses to award punitive damages for the latter. Although Plaintiff relies on appellate court cases to support her motion, the Seventh Circuit declares that a court must look to those decisions only in the absence of prevailing authority from the state's highest court. Furthermore, when there are persuasive indications that the state's highest court would decide those cases differently, the Seventh Circuit mandates that this court deviate from those holdings. Accordingly, this Court predicts the Illinois Supreme Court would not permit a claim for punitive damages in this case.[7]

## V. CONCLUSION

**Plaintiff's motion for leave to file a first amended complaint to add a claim for wilful and wanton misconduct should be denied because the Illinois Supreme Court has refused to recognize punitive recovery under the Illinois Survival Act in the absence of a specific statutory remedy.**

*[signature]*

**MORTON DENLOW**
**United States Magistrate Judge**

Dated: June 20, 2002

---

[7]Because the proposed amendment does not include a proper subject of relief, the timeliness of the motion did not factor into this Court's decision.

-15-

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the Magistrate Judge's Report and Recommendation. *See* Fed.R.Civ.P. 72(b); 28 U.S.C. 636(b)(1)(B); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 329 (7th Cir. 1995); *The Provident Bank v. Manor Steel Corp.*, 822 F.2d 258 (7th Cir. 1989).

**Copies mailed to:**

Kenneth C. Chessick, M.D.
Joan R. Stohl
Law Office of Kenneth C. Chessick, M.D.
1870 N. Roselle Road, Suite 104
Schaumburg, Illinois 60195
**Attorneys for the Plantiff**


Jeffrey Singer
Vani Singhal
Segal, McCambridge, Singer & Mahoney, LTD.
One IBM Plaza
330 N. Wabash Avenue, Suite 200
Chicago, Illinois 60611
**Attorneys for the Defendant**