# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 3495 | **DATE** | 9/26/2002 |
| **CASE TITLE** | Mary Readel vs. Vital Signs, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: We find that Magistrate Judge Denlow's ruling was neither clearly erroneous nor contrary to law. Indeed, we agree with it. Therefore, all objections to Magistrate Judge Denlow's 6/20/2002 Report are denied. Plaintiff's motion for leave to file a first amended complaint to add a claim for wilful and wanton misconduct [98-1] is denied. This matter is set for status on 10/10/2002 @ 10:00 a.m.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | date docketed | 119 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAY READEL, individually and as Independent Administrator of the Estate of DONNA LORKE, deceased, | ) ) ) ) |
| Plaintiff, | ) No. 97 C 3495 ) |
| v. | ) Wayne R. Andersen ) District Judge |
| VITAL SIGNS, INC., a New Jersey corporation, | ) ) ) |
| Defendant. | ) ) ) |

DOCKETED
SEP 3 0 2002

MEMORANDUM, OPINION AND ORDER

This case is before the Court on the objections of the plaintiff, Mary Readel, to Magistrate Judge Denlow's Report and Recommendation ("Report") of June 20, 2002. For the following reasons, plaintiff's objections to Magistrate Judge Denlow's Report are denied.

## BACKGROUND

In his June 20, 2002 Report, Magistrate Judge Denlow recommended to this Court that the plaintiff's motion for leave to file a first amended complaint to add a claim for wilful and wanton misconduct should be denied because the Illinois Supreme Court has refused to recognize punitive recovery under the Illinois Survival Act in the absence of a specific statutory remedy. In support of this conclusion, Magistrate Judge Denlow reasoned:

> I. Under the well-settled principles of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938) and its progeny, it is the duty of a federal court sitting in diversity jurisdiction to "make a predictive judgment as to how the supreme court of the state would decide the matter if it were presented to that tribunal." *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 635 (7th Cir. 2002).

II. To seek punitive damages under the Illinois Survival Act, 55 ILCS 5/27-1 *et seq.*, a plaintiff must first allege a violation for which there is a clear statutory remedy allowing punitive damages. *See Mattyasovszky v. West Towns Bus Co.*, 330 N.E.2d 509, 510 (Ill. 1975); *National Bank of Bloomington v. Norfolk & Western Railway Co.*, 383 N.E.2d 919, 923 (Ill. 1978); *Froud v. Celotex Corp.*, 456 N.E.2d 131, 136 (Ill. 1983); *Ballweg v. City of Springfield*, 499 N.E.2d 1373, 1377 (Ill. 1986).

III. The Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §331, *et seq.*, and the Illinois Criminal Code, 720 ILCS 5/9-3, do not create a private cause of action authorizing punitive damages. While the FDCA does include language which provides for civil and criminal penalties against individuals who violate the act, these provisions fall short of the level of explicit statutory language required by the Illinois Supreme Court's decision in *National Bank*. As for the plaintiff's argument regarding the involuntary manslaughter section of the Illinois Criminal Code, the statute is silent on the issue of damages. In fact, the only penalties mentioned in the statute relate to criminal sentencing and not punitive damages.

IV. Because the specific statutes referenced by the plaintiff in support of her request for punitive damages do not explicitly provide for the recovery of punitive damages in a private civil suit, the Illinois Supreme Court would likely not allow her claim for punitive damages to proceed.

On July 1, 2002, the plaintiff filed her objections to Magistrate Judge Denlow's June 20, 2002 Report. It is the plaintiff's contention that Judge Denlow has misinterpreted the applicable state law precedents as well as the equitable considerations underlying the FDCA and the Illinois Criminal Code. On July 16, 2002, the defendant filed a response in which it requested that we adopt Judge Denlow's Report.

## DISCUSSION

A magistrate judge's ruling on a non-dispositive matter may be reversed only on a finding that the order is "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court

2

on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525 (1948). Routine discovery motions are non-dispositive under Rule 72(a). *See, e.g., Boboski v. Bd. of Educ. of Cary Consol. Sch. Dist. 26*, 141 F.R.D. 88 (N.D. Ill. 1992); *Johnson v. Old World Craftsmen, Ltd.*, 638 F.Supp. 289, 291 (N.D. Ill. 1986). In contrast, review of a magistrate judge's recommendation on a dispositive motion is *de novo*. *See* 28 U.S.C. § 636(b)(1). For dispositive motions, the reviewing court is required to "make a de novo determination of those portions of the recommendations to which objection is made." *Id.* Because the Report recommends denying the plaintiff leave to amend her complaint, it is in fact dispositive as to that portion of her suit. Accordingly, we will review the Report *de novo*.

We find that Magistrate Judge Denlow was correct in his legal conclusion regarding the availability of punitive damages in this case. A substantial portion of Judge Denlow's opinion is devoted to the development in the law on the issue of whether punitive damages are permitted under the Illinois Survival Act. Judge Denlow's well-reasoned Report discusses in detail not only the relevant Illinois Supreme Court and Illinois Appellate Court decisions on this issue but it also clarifies a confusing area of Illinois law.

Our independent review of the applicable precedents shows that Judge Denlow's analysis of the caselaw in this case is absolutely correct. Any discussion of Illinois law in this area must begin with the fundamental premise that punitive damages are generally not recoverable under the Illinois Survival Act. *See Mattyasovszky*, 330 N.E.2d at 510. Nevertheless, the development in the law since the Illinois Supreme Court's decision in

3

*Mattyasovszky* in 1975 though the court's decision in *Ballweg* in 1986 clearly suggests that, in order to recover punitive damages under the Illinois Survival Act, a plaintiff must first allege a violation of a statute which permits the recovery of punitive damages. In other words, the Illinois Supreme Court has drawn a clear line between punitive awards based on the common law and those based on a statute. *Froud*, 456 N.E.2d at 134. If a plaintiff bases her claim for punitive damages on the violation of a statute which explicitly provides for such damages, then punitive damages can be recovered under the Illinois Survival Act. *See National Bank*, 383 N.E.2d at 924 (plaintiff could recover punitive damages under Survival Act because Illinois Public Utilities Act allowed for punitive damages for an injury resulting from the defendant's wilful and wanton statutory violation.) On the other hand, if a plaintiff is seeking punitive damages under the common law or a statute which does not explicitly provide for such damages, then punitive recovery under the Survival Act is foreclosed. *See Froud*, 456 N.E.2d at 136 (plaintiff could not recover punitive damages in asbestos case under Survival Act because no statutory basis existed for such recovery comparable to the Public Utilities Act referred to in *National Bank*.)

Aside from thoroughly analyzing the applicable Illinois Supreme Court precedent, Magistrate Judge Denlow also exhaustively discussed the Illinois Appellate Court cases that plaintiff felt supported her request for punitive damages. We conclude, as did Judge Denlow, that the plaintiff's cases are either unpersuasive or distinguishable from the case at bar. Specifically, the court's decision in *Howe v. Clark Equip. Co.*, 432 N.E.2d 621 (Ill. App. Ct. 1982) has been roundly criticized by not only this Court but also by other judges on the Illinois Appellate Court. *See, e.g., Burgess v. Clairol, Inc.*, 776 F. Supp. 1278, 1284 (N.D.

4

Ill. 1991); *Wills v. DeKalb Area Retirement Center*, 530 N.E.2d 1066, 1073 (Ill. App. Ct. 1988). Furthermore, the court's decision in *Raisl v. Elwood Indus., Inc.*, 479 N.E.2d 1106 (Ill. App. Ct. 1985) is distinguishable. In that case, the court determined that punitive damages were recoverable under the Survival Act because of the public policy behind the Illinois Workers' Compensation Act to allow injured workers the ability to liberally file compensation claims. Plaintiff's argument that the regulatory regime of the FDCA is analogous to that of the Workers' Compensation Act is unavailing. As Judge Denlow correctly noted, this argument is faulty because, while the Workers' Compensation Act creates a private cause of action in the individual, the FDCA is explicit that only the Federal Government, and not private litigants, may bring enforcement actions under that statute. *See Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 349 (2001) (citing 21 U.S.C. § 337(a)).

Finally, we wholeheartedly agree with Judge Denlow's substantive analysis of the FDCA and the Illinois Criminal Code. These statutory texts do not in any way create private causes of action authorizing punitive damages. In addition, we perceive no strong public policy, apart from the public good that is obtained by the enforcement of these statutes by the appropriate government officials, which compels us to conclude that punitive damages must be available to compensate the plaintiff properly in this case. Accordingly, we conclude that Judge Denlow was correct in finding that the Illinois Supreme Court would probably not permit a claim for punitive damages in this case under the Survival Act based on the FDCA and the Illinois Criminal Code.

## CONCLUSION

For these reasons, we find that Magistrate Judge Denlow's ruling was neither clearly erroneous nor contrary to law. Indeed, we agree with it. Therefore, all objections to Magistrate Judge Denlow's June 20, 2002 Report are denied. Plaintiff's motion for leave to file a first amended complaint to add a claim for wilful and wanton misconduct [Docket 98-1] is denied. This matter is set for status on October 10, 2002 at 10 a.m.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: September 26, 2002

6